PITTMAN, Judge,
dissenting.
I respectfully dissent from that portion of the majority’s opinion holding that WMF’s motion to compel arbitration was properly denied because WMF failed to prove that the underlying transaction between WMF and Steele had a substantial effect on interstate commerce. The record indicates that WMF attached a copy of the arbitration agreement to its motion to compel. The majority recites the language in the agreement and holds that the agreement fails to demonstrate that the underlying transaction had a substantial effect on interstate commerce. I disagree.
*560 In Aronov Realty Brokerage, Inc. v. Morris, 838 So.2d 348, 351 (Ala.2002)(plurality opinion), a case cited by the majority, the supreme court found the following language was not sufficient to prove that the underlying transaction had a substantial effect on interstate commerce:
“ ‘The parties agree that the property sold has been involved in, and necessarily involves, interstate commerce, and that any controversy, claim, complaint, or dispute arising between the parties, or between either of the parties and any real estate licensees, if the property has been closed, and the deed has been delivered to the purchaser/s, is to be settled exclusively by binding arbitration.’ ”
In so finding, the supreme court did not hold that attaching a copy of an arbitration agreement to a motion to compel arbitration would in every case be insufficient to meet a party’s burden of showing that the underlying transaction substantially affected interstate commerce. In the instant case, the arbitration agreement contained the following arbitration provision:
“(2) The parties anticipate that the funding to make Borrower’s loan pursuant to the Loan Agreement will come from sources outside the State of Alabama. Further, Lender’s credit forms and related documents are printed and data processing for Borrower’s loan is performed outside the State of Alabama. Therefore, Lender and Borrower acknowledge and agree that the Loan Agreement involves ‘commerce’ as defined in the United States Arbitration Act, Title 9, United States Code, ‘Arbitration,’ hereinafter referred to as the ‘USAA.’ ”
It is clear that the arbitration provision in the instant case specifically details the actual and intended effects of the underlying transaction on interstate commerce, unlike the provision found in Aronov Realty, which merely stated that' the parties agreed that the property at issue involved interstate commerce. This is a distinction with a difference; therefore, I must respectfully dissent.